The Honorable Mike Atkins Ector County Attorney Room 223, County Courthouse Odessa, Texas 79761
Re: Whether a county hospital can employ a corporate management firm.
Dear Mr. Atkins:
You have requested our opinion concerning the authority of the Board of Trustees (Managers) of a county hospital to employ a management corporation. Under the terms of a proposed contract, the firm would provide a qualified hospital administrator and a financial officer, both of whom would be employees of the firm. In addition, various consultation services would be provided. You state that the contract contemplates that the firm would be employed as `superintendent' of the hospital.
Article 4480, V.T.C.S., provides in part:
 The board of managers . . . shall appoint a superintendent of the hospital who shall hold office at the pleasure of said board. Said superintendent shall not be a member of the board, and shall be a qualified practitioner of medicine, or be specially trained for work of such character.
Article 4485, V.T.C.S., provides that the superintendent shall be the `chief executive officer' of the hospital. While he is subject to the powers of the board of managers, he is granted rule making power and has `general supervision and control of the records, accounts and buildings of the hospital, and all internal affairs. . . .'
In our opinion, the language of article 4480 clearly implies that the superintendent must be an individual. See Attorney General Letter Advisory No. 120 (1977). We are supported in this view by the court's decision in City of Corpus Christi v. Mireur,214 S.W. 528 (Tex.Civ.App.-San Antonio 1919, writ ref'd). That case involved a city charter provision which purportedly allowed a corporation to serve as city treasurer. The court affirmed the judgment of the trial court enjoining the operation of the contract between the city and a corporate `treasurer' and stated:
 No Constitution or statute has ever contemplated that a corporation should be appointed to and exercise the powers of any office. Id. at 530.
Accordingly, in our opinion, a board of managers of a county hospital may not employ a corporation as superintendent of the hospital. However, we believe that, pursuant to the authority of the board under article 4480 to manage the `contracts and fiscal concerns' of the hospital, the board may contract with a corporation to assist an individual superintendent in the discharge of his duties. See Attorney General Opinion WW-1101 (1961).
 SUMMARY
While the board of managers of a county hospital may not employ a corporation as superintendent, the board may contract with a corporation to assist an individual superintendent in the discharge of his duties.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee